UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

```
*******************************************************
                                          *
In Re:    Michael F. Grenier             *   Chapter 7
          Delia A. Grenier               *   Case No. 04-12488-MWV
             Debtors                     *
                                          *
Edmond J. Ford, Chapter 7 Trustee        *
             Plaintiff                    *
v.                                        *
                                          C
Delia A. Grenier                          *
Charles H. Cleveland, Trustee of the     *
  Carl Cleveland Family Trust of 1995    *
             Defendants                   *
*******************************************************
```

## COMPLAINT

**NOW COMES** Edmond J. Ford, Chapter 7 Trustee, through his counsel, Ford & Weaver, P.A., and complains against Defendants under 11 U.S.C. § 544, § 105 and Bankruptcy Rule 7001 and says as follows:

I.  PARTIES AND JURISDICTION.

1. Plaintiff is the duly appointed Chapter 7 Trustee in the case of In re: Michael G. Grenier and Delia A. Grenier, Case No. 04-12488-MWV.

2. Debtors filed a Chapter 7 voluntary petition on July 12, 2004.

3. Defendant Delia A. Grenier is an individual with a residence address of 11 Monarch Drive, Concord, New Hampshire 03303 and is also a Debtor in this matter.

4. Defendant Charles H. Cleveland is an individual with an address of 35 Blueberry Lane, Gilmanton Iron Works, New Hampshire 03837.

5. Venue is appropriate in this District in as much as Debtor's bankruptcy case is

pending here. 28 U.S.C. § 1409(a).

6. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), (O).

7. It is an action for a declaratory judgment and request for turnover of property.

8. This matter has been referred to this Court by the United States District Court for the District of New Hampshire pursuant to the order captioned, "In re: referral of Title 11 proceedings to United States Bankruptcy judges for this District" entered by the United States District Court for the District of New Hampshire on January 18, 1994 as of November 12, 1993.

II. FACTUAL BACKGROUND.

9. Defendant Delia A. Grenier is a beneficiary of a certain trust known as the Carl E. Cleveland 1995 Family Trust.

10. Defendant Mr. Cleveland is, on information and belief, the current Trustee of that Trust.

11. The subject Trust was established by Carl E. Cleveland formerly of Tilton, New Hampshire. Mr. Cleveland passed away in January of 2004.

12. The Chapter 7 Trustee does not know what assets are held in the Trust, despite his request for that information.

13. The Trust has six (6) beneficiaries.

14. One beneficiary is Beatrice Cleveland, the settlor's wife, who, if she was living at the time of Carl Cleveland's death, was entitled to a 1/3 share of the assets of the Trust.

15. The remainder of the Trust assets are to be divided by five (5) children of the settlor, including Debtor.

16. The Trustee does not know whether or not Mrs. Beatrice Cleveland is still alive.

17. Part III of the Trust titled "Rights Reserved by Grantor" indicates that the Grantor could amend or revoke the Trust during his lifetime and during his lifetime has the right to receive all dividends, interests and other income generated from Trust assets.

18. In Part IV, "Dispositive Provisions", provides that upon the death of Grantor, the Trustee of the Trust "shall divide" the entirety of the Trust assets between Beatrice Cleveland (if living) and the five (5) children.

19. Under the terms of the Trust, the Trustee of the Trust is granted no discretion. He must make the distribution.

20. Part IV B (4), however, gives the beneficiaries, including Debtor the option to defer a distribution from the Trust.

21. Part VII of the Trust contains a spendthrift clause which reads as follows: "The interest of any beneficiary in principal and income of the Trust Estate shall not be subject to assignment, alienation, pledge, attachment, or claims of creditors of such beneficiary".

22. New Hampshire R.S.A. 564:23, I provides as follows:

    > Creditors and Assignees of Beneficiaries.
    > I.  In the event the governing instrument so provides, a beneficiary of a trust shall not be able to transfer his or her right to future payments of income and principal, and a creditor of a beneficiary shall not be able to subject the beneficiary's interest to the payment of its claim.

23. Under the terms of the Trust, Debtor has a present right to payment, not a future right to payment. Therefore R.S.A. 564:23 does not apply.

24. By letter of September 13, 2004, counsel for Debtor wrote to the Trust Trustee to declare her election to defer whatever amounts are due to her.

25. The Chapter 7 Trustee believes that Debtor cannot take this action as the Chapter 7 Trustee has "stepped into Debtor's shoes" and owns whatever interests she holds in the Trust.

26. The Chapter 7 Trustee contends that the spendthrift provision does not apply because there is no discretion vested in the Trustee of the Trust, vis-a-vis making a distribution to the beneficiaries. He is required to do so by the express terms of the Trust, as the Settlor has died. As well, this Trust falls outside of the scope of R.S.A. 564:23 as the Trustee is not attempting to exercise rights against a future payment, but rather a current right to distribution will be made unless, and only unless the beneficiary affirmatively directs that payment be deferred.

**WHEREFORE**, Trustee requests that the Court:

A. Declare that the Chapter 7 Trustee and the Bankruptcy Estate have succeeded to Debtor's rights in the Trust assets;

B. Require the Trustee of the Trust to disclose what the Trust assets are, and the value of such assets;

C. Order the Trustee of the Trust to pay over the appropriate share attributable to Debtor, Ms. Grenier, to the Bankruptcy Estate; and

D. Grant such other relief as is just.

                                        Respectfully submitted,

                                        Edmond J. Ford, Trustee
                                        By his attorneys,
                                        Ford, Weaver & McDonald, P.A.

Date:  October 25, 2004          By:   */s/ Marc W. McDonald*
                                        Marc W. McDonald, Esquire (01314)
                                        10 Pleasant Street, Suite 400
                                        Portsmouth, New Hampshire 03801
                                        Telephone: 603-433-2002
                                        mmcdonald@fordandweaver.com

F:\WPDATA\Ed\TRUSTEE\04-12488\Pleadings\Adv Delia re trust\Complaint.wpd