UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

In re:  Michael F. Grenier
        Delia A. Grenier

        Debtor(s)

BK Case No: 04-12488-MWV
Chapter 7
Adv. No.: 04-1243-MWV

Edmond J. Ford, Trustee

        Plaintiff(s)

v

Delia A. Grenier

Charles H. Cleveland, Trustee of
Carl Cleveland Family Trust of 1995

        Defendant(s)

## ANSWER OF CHARLES H. CLEVELAND, TRUSTEE OF THE CARL CLEVELAND FAMILY TRUST OF 1995

Charles H. Cleveland, Trustee of The Carl Cleveland Family Trust of 1995, answers said complaint insofar as it applies to said Trust as follows:

1. The allegations of Paragraph 1 are admitted.

2. The allegations of Paragraph 9, 10, 11, 13, 14, 15, 17, 18, 20, 21, 22, and 24 are admitted.

The allegations of the other Paragraphs are answered as follows:

3. 12. The Trustee of the Trust has cooperated fully with the Chapter 7 Trustee, and has provided the Trustee with information regarding the Trust and its assets.

4. 16. Beatrice Cleveland survived her husband, and is, to the best knowledge of the Trustee of the Trust, still alive.

5. 19. The terms of the Trust speak for themselves. It is believed that the Trustee has discretion to delay distribution until he has had a reasonable time to liquidate the assets and convert them into cash or other forms suitable for distribution.

6.     23. The determination of whether or not RSA 564:23 applies is an issue between the beneficiary of the Trust and the Trustee in Bankruptcy.

7.     25. The Trustee of the Trust is not in a position to know what the Chapter 7 Trustee "believes". However, the Trustee of the Trust agrees that the Trust will be bound by the final decision of the appropriate court, or an agreement between the Chapter 7 Debtor and the Chapter 7 Trustee.

8.     The Trustee of the Trust will make the appropriate distribution to whomever the Court finally rules is entitled to it at the time that the Trustee deems it is appropriate, after making reasonable efforts to accumulate, assemble and liquidate assets to a form suitable for distribution. A final ruling by the appropriate courts will determine whether or not the delay in distribution requested in accordance with the terms of the Trust is or is not effective.

WHEREFORE, Charles H. Cleveland, Trustee of The Carl Cleveland Family Trust of 1995, prays that this action may be dismissed as to the Trustee and the Trust, since the Trustee and the Trust are for the purposes of this action, merely a stakeholder, and should not be a party Defendant.

Respectfully submitted,

Charles H. Cleveland, as he is Trustee of
The Carl Cleveland Family Trust of 1995
By his attorneys,

Peter V. Millham
Wescott, Millham & Dyer, LLP
28 Bowman Street, PO Box 1700
Laconia, NH   03247-1700
(603) 524-2166

## CERTIFICATION

I hereby certify that on this 17th day of November, 2004, a true and complete copy of the foregoing Answer of Charles H. Cleveland, Trustee of The Carl Cleveland Family Trust of 1995, was mailed, postage prepaid, to Marc W. McDonald, Esquire, counsel for Edmond J. Ford, Trustee, and Raymond J. DiLucci, Esquire.

Peter V. Millham