UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

```
* * * * * * * * * * * * * * * * * * * * * * * * *
                                          *
In Re:  Michael F. Grenier                *    Case No.: 04-12488-MWV
        Delia A. Grenier                  *    Chapter 7
                        Debtor(s)         *
                                          *
* * * * * * * * * * * * * * * * * * * * * * * *
                                          *
        Edmond J. Ford, Trustee           *    Adv. No.: 04-1243-MWV
                                          *    Hearing Date: 12/21/2004
                   v.                     *    Hearing Time: 1:00 p.m.
                                          *
        Delia A. Grenier    &             *
        Charles H. Cleveland, Trustee of  *
        The Carl Cleveland Family Trust of 1995*
                                          *
* * * * * * * * * * * * * * * * * * * * * * * *
```

### ANSWER OF DELIA GRENIER
### TO
### PLAINTIFF'S COMPLAINT PURSUANT TO 11 U.S.C.A §544

   **NOW COMES** the Debtor(s) and Defendant(s) in the above-captioned matter, Delia A. Grenier, by and through her Attorneys, Raymond J. DiLucci, P.A. and Answers this Complaint and in support thereof says:

### PARTIES AND JURISDICTION

1. That the Defendant admits the allegations contained in Paragraph 1.

2. That the Defendant admits the allegation contained in Paragraph 2.

3. That the Defendant admits the allegations contained in Paragraph 3.

4. That the Defendant admits the allegations contained in paragraph 4.

5. That the Defendant admits the allegations contained in Paragraph 5.

6. That the Defendant admits the allegations contained in Paragraph 6.

7. That the Defendant denies that the Trustee's Claim has validity.

8. That the Defendant admits the allegations contained in Paragraph 8.

### FACTUAL BACKGROUND

9. That the Defendant admits the allegations contained in Paragraph 9.

10. That the Defendant admits that Charles H. Cleveland is the only Trustee of the Carl E. Cleveland 1995 Family Trust and states for clarification that the Trust was originated in 1995, long before the death of Carl E. Cleveland, and, accordingly is an Intervivos Trust.

11. That the Defendant admits that the Carl E. Cleveland 1995 Family Trust was established and funded by Carl E. Cleveland on August 30, 1995 and that Carl E. Cleveland passed away in January, 2004, before the filing of the Debtor's Chapter 7 Bankruptcy Petition.

12. That the Defendant denies specific knowledge of the assets held in the Trust but believes that the Trustee has provided the Plaintiff with information pertaining to the assets being held in the Trust.

13. That the Defendant admits that, to the best of her knowledge, information and belief, there are six(6) beneficiaries of the Trust.

14. That the Defendant admits that the wife of Carl E. Cleveland, Beatrice Cleveland is alive and well and entitled to a one-third share of the assets being held in the Trust.

15. That the Defendant admits that the remainder of the Trust assets are to be divided into five(5) shares to be distributed to the five children of the Settlor.

16. That the Defendant admits that Beatrice Cleveland is still alive and is entitled to a one-third share of the assets of the Trust.

17. That the Defendant admits that Part III of the Trust indicates that the trust, during the lifetime of the Grantor, is a Revocable Intervivos Trust which becomes Irrevocable upon the death of the Grantor. The Defendant further notes and states that Part VIII. <u>Spendthrift Clause</u>: which states in relevant part: "The interest of any beneficiary in principal and income of the Trust Estate shall not be subject to assignment, alienation, pledge, attachment or claims of creditors of such beneficiary." Accordingly, at the time of the filing of the Defendant's Chapter 7 Bankruptcy Petition, the beneficial interest of Delia Grenier was protected from her creditors, including the Chapter 7 Trustee who has the status of a mere judgment creditor.

18. That the Defendant denies the position put forth by the Chapter 7 Trustee as the Trustee is required to use his absolute discretion to use the Trust Estate, principal and accumulated income, to pay any debts or funeral expenses of the Grantor, and to settle and discharge any claims against the Grantor's personal estate; that such tasks were not yet completed and the Trust Estate was protected against any creditors, including the Chapter 7 Trustee, of any of the beneficiaries by the Spendthrift Clause of Part VIII.

19. That the Defendant denies that the Trustee of the Trust must make a distribution upon the death of the Grantor as the Chapter 7 Trustee fails to consider the entirety of Part IV-B which contains Pert IV-B.4 stating:

   4. "Any of the Grantor's Children (Includes Delia Grenier) may elect to defer distribution of all or part of his or her share of the Trust Estate by providing written to the Trustee. The Trustee may continue to hold such deferred share for the benefit of any child so electing until such time as that child shall request distribution in writing.  * * * *"

      Accordingly, the Defendant, while her beneficial interest was protected by the Spendthrift Clause of Part VIII, filed a written election to defer distribution of her beneficial interest until some time in the future.

20. That the Defendant admits that Part IV-B.4 of the Trust allows the Defendant, Delia A. Grenier the opportunity to defer her distribution from the Trust. The Defendant, Delia A. Grenier, further states that, while her beneficial interest in the Trust was protected by the Spendthrift Clause, she did elect to defer her distribution.

21. That the Defendant admits that the Trust contains a Spendthrift Clause and states that such clause protected her beneficial interest in the Trust from the Interim Trustee and continues to protect her beneficial interest because she deferred the distribution of such interest.

22. That the Defendant denies that R.S.A. 564 applies in this matter as it pertains to "Trustees of Estates" and the Trust is clearly an Intervivos Trust.

23. That the Defendant denies that she has a present right to payment as the trust was not ready for any distribution when she filed her Chapter 7 Bankruptcy Petition; her beneficial interest is protected by a Spendthrift Clause and she elected to defer her distribution as allowed by the Trust Document.

24. That the Defendant admits that on or about September 13, 2004, she elected, as allowed by the Trust Document, to defer the distribution of her beneficial interest in the Trust.

25. That the Defendant denies that the Plaintiff has the ability to "step into the Debtor's Shoes" as the claim of the Plaintiff is defeated by the Spendthrift Clause contained in Part VIII of the Trust Document.

26. That the Defendant denies that the Plaintiff asserts a correct position as the Defendant's beneficial interest is protected from the Defendant's Creditors by a Spendthrift Provision in the Trust Document and the Trust Document permits the Defendant to defer distribution of her beneficial interest, thereby extending the protection of the Spendthrift Clause to the beneficial interest until such time as the Defendant chooses to elect to terminate such deferment.

**WHEREFORE,** the Defendant Respectfully Requests that this Honorable Court:

A. Declare that the Chapter 7 Trustee does not succeed to the Defendant's Rights in the Trust Assets because the Defendant's Beneficial Interest is protected from the Chapter 7 Trustee by the Spendthrift Provision in the Trust; and

B. Deny the Chapter 7 Trustee's request for disclosure of the Trust Assets because he has no need to know due to the protection provided by the Spendthrift Clause; and

C. Deny the Chapter 7 Trustee's request for an Order to pay the Defendant's share over to the Chapter 7 Trustee as there is no entitlement for such Order; and

D. For such other and further relief as may be deemed fair, just and equitable.

                                      Respectfully submitted
                                      Delia A. Grenier, Defendant
                                      By and through her Attorneys

December 15, 2004                       <u>/s/ Raymond J. DiLucci</u>
                                      Raymond J. DiLucci, Esq.
                                      BNH03206
                                      Raymond J. DiLucci, P.A.
                                      81 South State Street
                                      Concord, NH  03301
                                      Tel: (603) 224-2100

Answer.adv